UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SHAN FIELDS,

    Petitioner,

v.                                          Case No. 5:12-cv-98-Oc-30PRL

WARDEN, FCC COLEMAN- LOW,

    Respondent.

## ORDER DENYING PETITION

Petitioner, *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner is a federal inmate serving a sentence imposed by the Western District of Arkansas. Petitioner was sentenced to a 57-month term of incarceration with 3 years of supervised release to follow, for his conviction for Felon in Possession of a Firearm, in violation of 18 U.S.C. 922(g)(1) and 924(a)(2). *See* Doc. 6. Ex. 1.

The Petitioner challenges the computation of his sentence by the Bureau of Prisons (BOP). The Petition, the Response to the Petition and the administrative record submitted with the Response, Petitioner's Reply, and the other pleadings demonstrate that an

evidentiary hearing is not warranted in this case, and the Court may resolve the Petition on the basis of the record.  See Habeas Rule 8(a).[1]

## Factual and Procedural History

On September 24, 2008, while Petitioner was on parole, he was arrested by the Fort Smith (Arkansas) Police Department, for 1st Degree Battery and Felon in Possession of a Firearm.  See Doc. 6, Ex. 2 at ¶ 4.  On September 29, 2008, the Arkansas Department of Corrections determined that Petitioner had violated his state parole, and sentenced him to an 8-year term of imprisonment in case no. CR-92-582.  Id. at ¶ 5.  On October 10, 2008, Petitioner returned to state prison to serve his violation term.

On March 12, 2009, Petitioner was transferred to the United States Marshals Service via Writ of Habeas Corpus *ad prosequendum*.  Id. at ¶ 6.  On December 21, 2009, the Western District of Arkansas sentenced Petitioner in case no. 09-cr-20011 to a 57-month term of imprisonment for Felon in Possession of a Firearm, which the federal court ordered to run consecutively to any undischarged term of imprisonment being served by Petitioner in his state case no. CR-92-582.

On December 23, 2009, the state court sentenced Petitioner to a 96-month term of imprisonment for Battery in the 1st Degree, case no. CR-2008-1166.  See Doc. 6, Ex. 2 at ¶ 8.  The sentence as ordered to run concurrent with his federal sentence.  On January 12, 2010, Petitioner was returned to state authorities pursuant to the terms of the federal writ.

---

[1] Pursuant to Habeas Rule 1(b) of the "Rules Governing Section 2254 Cases," the Court has discretion to apply the Rules to habeas corpus petitions under §2241.

*Id*. at ¶ 9.  On February 26, 2010, Petitioner was resentenced in case no. CR-2008-1166 to the amended charge of Battery in the 2nd Degree.  Petitioner was again sentenced to a 96-month term of imprisonment, to run concurrent with the federal sentence.  Petitioner was awarded 519 days of jail credit against the sentence.  *Id*. at ¶ 10.

On August 26, 2010, Petitioner was paroled from both his parole violation sentence and his battery sentence and the state released him to the exclusive custody of federal authorities to commence service of his federal sentence.  The Bureau of Prisons prepared a sentence computation for Petitioner, based on a 57-month term of imprisonment commencing on August 26, 2010, the date he was received into federal custody.  *See* Doc. 6, Ex. 2 at ¶ 12.

## Discussion

It is well established that the Bureau of Prisons is charged with the responsibility of sentence computation and other administrative matters regarding the length of a prisoner's confinement, including the determination and award of prior custody credit.[2]  Pursuant to § 3585 (a), a sentence is deemed to commence when the defendant is "received in custody awaiting transportation to, or arrives voluntarily at . . . the official detention facility at which the sentence is to be served."

Petitioner maintains he is entitled to credit from either March 12, 2009 to August 26, 2010 or in the alternative, from September 24, 2008 to August 26, 2010.  Award of this credit would be contrary to 18 U.S.C. § 3585 (b), which states:

---

[2] United States v. Wilson, 503 U.S. 329, 335 (1992) ( "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.").

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . <u>that has not been credited against another sentence.</u>

(emphasis added).

In enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time."[3] Additional prior custody credit for the time Petitioner requests was credited towards service of his state sentence. Accordingly, the Court concludes that Petitioner has shown no error in the BOP's determination of his prior custody credits.

Petitioner asserts that the state court desired its sentence to run concurrently with the federal sentence. However, the state court did not have authority to commence Petitioner's then-uncommenced federal sentence. *See* 18 U.S.C. § 3585(a); *see also Meagher v. Clark*, 943 F.2d 1277, 1282 (11th Cir. 1991) (inmate could not receive credit on his federal sentence for prior time served on a state sentence, even though the state judgment and commitment order provided that the state and federal sentences would be concurrent). Further, the BOP considered Petitioner for a *non pro tunc* designation, but found it would not be appropriate in Petitioner's case because his federal sentence was ordered to run consecutively to his state sentence. *See* Doc. 6, Ex. 2 at ¶15.

---

[3] <u>Wilson</u>, 503 U.S. at 337.

## Conclusion

For the reasons set forth in this Order, the BOP has correctly computed Petitioner's sentence and the Petition is due to be **DENIED with prejudice**. The Clerk is directed to enter judgment denying the Petition with prejudice and close the file.

**DONE** and **ORDERED** in Tampa, Florida on October 11, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record